**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALLEN TUMACDER VALLESTEROS,<br>Appellant, | DOCKET NUMBER<br>SF-3330-25-0148-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>Agency. | DATE:  August 5, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Allen Tumacder Vallesteros</u>, Ewa Beach, Hawaii, pro se.

<u>William Di Iorio</u>, Esquire, and <u>Jeffrey Meding</u>, Esquire, Washington, D.C.,
   for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his claims under the Veterans Employment Opportunities Act of 1998 (VEOA) for failure to state a claim.  On petition for review, he argues that the agency wrongly removed him from Federal service by suspending his security clearance and involuntarily placing him on administrative leave.  Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant made nonfrivolous allegations that his rights were violated under a statute or regulation relating to veterans' preference, we AFFIRM the initial decision.

The appellant was a GG-0132-12 Intelligence Officer at the Defense Intelligence Agency, where all positions are subject to random drug testing. *Vallesteros v. Department of Defense*, MSPB Docket No. SF-0752-24-0741-I-1, Appeal File (0741 AF), Tab 1 at 1, Tab 61 at 19, Tab 62 at 19. On March 26, 2024, he received an email notifying him that he was selected for random drug testing within the next 2 hours. 0741 AF, Tab 4 at 87. Instead of taking the drug test, the appellant went to the hospital where he reported mental health concerns. *Id.* at 26. He later reported having accidentally used a friend's vaporizer, which contained medical marijuana. 0741 AF, Tab 11 at 7.

On May 9, 2024, the agency proposed the appellant's removal. 0741 AF, Tab 4 at 35-41. The proposal contained a single charge of refusing to take a required drug test. *Id.* at 38. On August 23, 2024, the agency sustained the charge and removed him, effective immediately. *Id.* at 16-20. He filed his initial appeal with the Board on September 15, 2024. 0741 AF, Tab 1 at 1. The

administrative judge docketed his VEOA claim as a separate matter on December 13, 2024. 0741 AF, Tab 35 at 4, Tab 36 at 7; *Vallesteros v. Department of Defense*, MSPB Docket No. SF-3330-25-0148-I-1, Initial Appeal File (IAF), Tab 1 at 1, 7. On March 10, 2025, the administrative judge issued an initial decision in which he dismissed the appeal for failure to state a claim on which relief can be granted. IAF, Tab 10, Initial Decision (ID) at 1-5. On review, the appellant alleges that he was wrongfully removed from Federal service when the agency suspended his security clearance and involuntarily placed him on administrative leave. Petition for Review (PFR) File, Tab 5 at 7. He also alleges harmful error, discrimination, and retaliation.[2] *Id.*

## The appellant made nonfrivolous allegations that his rights were violated under the VEOA.

The administrative judge determined that the appellant did not state a claim under the VEOA on which relief could be granted. ID at 5. However, he did not fully address the jurisdictional prerequisites necessary for this determination. We do so now and modify the initial decision accordingly.

A VEOA appeal may be dismissed for failure to state a claim only after the appellant has established jurisdiction over his appeal. *See White v. U.S. Postal Service*, 114 M.S.P.R. 574, ¶ 11 (2010). An appellant establishes the Board's jurisdiction over a VEOA appeal based on an alleged violation of veterans' preference rights by (1) showing that he exhausted his remedy with the Department of Labor (DOL); and (2) making nonfrivolous allegations that: (a) he is a preference eligible within the meaning of VEOA; and (b) the agency violated

---

[2] On November 16, 2025, the appellant filed a motion to consolidate his appeals. PFR File, Tab 9 at 4-16. The appellant has two other pending appeals with the Board. MSPB Docket Nos. SF-0752-24-0741-I-1, SF-4324-25-0149-I-1. We interpret the appellant's request to consolidate his appeals as a request for joinder. Joinder occurs when one person has filed two or more appeals and they are united for consideration, whereas consolidation occurs when the appeals of two or more parties are united for consideration because they contain identical or similar issues. 5 C.F.R. § 1201.36(a)(1)-(2). We deny this motion because joinder would not expedite the processing of the appeals. 5 C.F.R. § 1201.36(b)(1).

his rights under a statute or regulation relating to veterans' preference. *Terry v. Department of the Air Force*, 2024 MSPB 19, 2 (citing 5 U.S.C. § 3330a; *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd sub nom. Jarrard v. Department of Justice*, 669 F.3d 1320 (Fed. Cir. 2012)).

The administrative judge determined that the appellant was a preference-eligible veteran and exhausted his remedy with DOL. 0741 AF, Tab 4 at 27, Tab 27 at 14; ID at 3. Nevertheless, he did not address whether the appellant made any nonfrivolous allegations that the agency violated his rights under a statute or regulation relating to veterans' preference.

The appellant alleged that the agency "violated my veterans' preference rights by improperly appl[ying] 5 U.S.C. § 7511 . . . which governs adverse actions under Title 5 for most federal employees, rather than 10 U.S.C. Chapter 83, which specifically applies to defense intelligence personnel." 0741 AF, Tab 27 at 7. The appellant also claimed that the agency violated VEOA by failing to follow its Drug-Free Workplace Program policy of "equal treatment afforded to non-veteran employees," and by violating 5 U.S.C. § 3318 regarding the retention of veterans. ID at 4 (citing 0741 AF, Tab 63 at 30).

An appellant's allegation of a VEOA violation "should be liberally construed," and an allegation, in general terms, that his veterans' preference rights were violated is sufficient to meet the requirement of a nonfrivolous allegation to establish Board jurisdiction over a VEOA appeal. *Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 6 (2009) (quoting *Elliot v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2006)). Therefore, we modify the initial decision to find that the appellant made nonfrivolous allegations that the agency violated his rights under a statute or regulation relating to veterans' preference. The appellant does not challenge the administrative judge's finding that he did not state a claim on which relief can be granted under the VEOA, and we discern no reason to disturb it.

<u>The appellant's new VEOA claims on review do not provide a basis on which to grant his petition for review.</u>

On review, the appellant asserts that the agency violated VEOA by "wrongfully remov[ing] [him] from federal service by suspending [his] Top Secret and Sensitive Compartmented Information (TS/SCI) clearance and involuntarily plac[ing] [him] on administrative leave." PFR File, Tab 5 at 7. He asserts that these actions were harmful error, discriminatory, and retaliatory and deprived him of the opportunity to collect supporting evidence, consult with colleagues, and retrieve records necessary to prepare a defense. *Id.* He also alleges that the agency's removal action was taken "knowing such action would violate a veterans' preference requirement and failing to consider veterans' preference while initiating [the] personnel action." *Id.* at 10. The appellant did not make any of these claims below.

Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, has consistently upheld the Board's regulatory requirement that parties must raise arguments before the assigned administrative judge, or the full Board may properly decline to review those arguments. *E.g.*, *Carson v. Department of Energy*, 398 F.3d 1369, 1376 (Fed. Cir. 2005) (finding that the Board properly declined to review a claim that was not adjudicated by the administrative judge); *Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 668 (Fed. Cir. 1998) (concluding that a party in a Board proceeding was required to raise an issue before the administrative judge to preserve it for court review and that the court would not consider an issue raised for the first time in a petition for review to the full Board); *Meglio v. Merit Systems Protection Board*, 758 F.2d 1576, 1577-78 (Fed. Cir. 1984) (affirming the Board's decision to deny a petition for review when the appellant failed to raise the salient issue before the administrative judge). Therefore, the appellant cannot raise these arguments for the first time in his petition for review.

Even if he could raise them for the first time on review, these arguments would be dismissed for failure to state a claim upon which relief can be granted.[3] Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 8 (2008). The appellant cannot prevail on his VEOA claims as a matter of law because none of them involves a statutory or regulatory provision that stands in some relation to, has a bearing on, concerns, or has a connection with veterans' preference rights. *See Alford v. Department of Defense*, 113 M.S.P.R. 263, ¶ 12 (2010), *aff'd per curiam*, 407 F. App'x 458 (Fed. Cir. 2011). As a result, they do not provide a basis for granting his petition for review.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Like his VEOA claims discussed above, the appellant's new claims would satisfy the nonfrivolous allegation jurisdictional requirement. *See Slater*, 112 M.S.P.R. 28, ¶ 6.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.